# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**EVONE BOULANGER**             **CIVIL ACTION**

**VERSUS**            **NO. 17-474-BAJ-EWD**

**FAMILY DOLLAR STORES
OF LOUISIANA, INC. ET AL.**

## NOTICE AND ORDER

This is a civil action involving claims for damages sustained by plaintiff, Evone Boulanger, as a result of a slip and fall that allegedly occurred on August 11, 2016 at a Family Dollar Store located in East Feliciana Parish, Louisiana.[1] The matter was removed to this Court on July 24, 2017 from the Twentieth Judicial District Court for the Parish of East Feliciana, Louisiana, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[2] The Notice of Removal alleges that this case meets the amount in controversy necessary for the Court to exercise federal subject matter jurisdiction based on the following:

> 11. Plaintiff alleges that she slipped and fell while shopping in a Family Dollar store. *See, generally*, Petition, Exhibit "A." She alleges that she suffered injuries to her hip, knee, and other parts of her body that required her to undergo medical treatment and suffer pain that has lessened her quality of life. *Id*. at ¶ 11-12. She claims that she is entitled to damages for past present, and future mental and physical pain and suffering, medical expenses, loss of enjoyment of life, mental anguish, and other damages. *Id*. at ¶ 13.
>
> 12. The Petition fails to include a general allegation that Plaintiff's claims are less than the required jurisdictional amount for federal diversity jurisdiction. Accordingly, the Petition fails to show that there is a "lack of jurisdiction of federal courts due to insufficiency

---

[1] R. Doc. 1-1 at p. 1.
[2] R. Doc. 1 at ¶ 6.

> of damages" as required by La. Code Civ. Proc. 893. *Pelas v. EAN Holdings, LLC*, 2012 WL 85841, at *2, n.4 (E.D. La. Jan. 11, 2012).
>
> 13. It is facially apparently that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Luckett*, 171 F.3d at 298. Plaintiff's allegations of injury to multiple parts of her body, which necessitated and may still necessitate medical treatment, establish that the amount in controversy is met in this case.[3]

It is not apparent from the face of Plaintiff's Petition for Damages or the Notice of Removal that Plaintiff's claims in this matter are likely to exceed $75,000.00. In the Petition for Damages, Plaintiff alleges the following:

> 11.
> As a result of her slip on the premises, EVONE has suffered personal injuries. Said injuries to the person of EVONE include, but not exclusively, injuries to her left hip, left knee, and other parts of her body which shall be proven at the trial of this matter.
>
> 12.
> Due to the negligence of the defendants, EVONE has had to undergo medical treatment and suffered with pain that lessened her quality of life.
>
> 13.
> As a result of the negligence of the defendants, EVONE is entitled to recover damages for past, present and future mental and physical pain and suffering, past, present and future medical expenses, past, present and future loss of enjoyment of life, past, present and future mental anguish and other damages to be proven at the trial of this matter.[4]

While Plaintiff does seek several items of damages, there is no indication of the amount in controversy related to her alleged damages.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

---

[3] R. Doc. 1 at ¶¶ 11-13.
[4] R. Doc. 1-1 at ¶¶ 11-14.

**IT IS ORDERED** that defendants Coca-Cola Bottling Company United, Inc. and Family Dollar Stores of Louisiana, Inc. (collectively, "Defendants"), shall file a memorandum and supporting evidence concerning subject matter jurisdiction within ten (10) days of the date of this Notice and Order, and that Plaintiff shall either file a memorandum and supporting evidence regarding subject matter jurisdiction or a Motion to Remand for lack of subject matter jurisdiction within ten (10) days after the filing of Defendants' memorandum. The supplemental memoranda shall be limited to ten (10) pages and shall specifically address whether there is diversity jurisdiction under 28 U.S.C. § 1332(a). Once the Court has reviewed the supplemental memoranda, the Court will either allow the case to proceed if jurisdiction is present or address the Motion to Remand filed by Plaintiff.

Signed in Baton Rouge, Louisiana, on August 2, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**