UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**EVONE BOULANGER**                                                                      **CIVIL ACTION**

**VERSUS**                                                                                      **NO. 17-474-BAJ-EWD**

**FAMILY DOLLAR STORES OF LOUISIANA, INC. ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 11, 2017.

                                                             **ERIN WILDER-DOOMES**
                                                             **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**EVONE BOULANGER**                                                **CIVIL ACTION**

**VERSUS**                                                         **NO. 17-474-BAJ-EWD**

**FAMILY DOLLAR STORES OF
LOUISIANA, INC. ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Joint Motion to Remand, filed by plaintiff Evone Boulanger and defendants Coca-Cola Bottling Company United, Inc. ("Coca-Cola") and Family Dollar Stores of Louisiana, Inc. ("Family Dollar").[1] For the following reasons, the undersigned recommends[2] that the Joint Motion to Remand be **GRANTED** and that this matter be **REMANDED** to the 20th Judicial District Court for the Parish of East Feliciana, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

### Factual and Procedural Background

On or about June 12, 2017, Plaintiff filed a Petition for Damages in the 20th Judicial District Court for the Parish of East Feliciana, Louisiana, against Family Dollar and Coca-Cola (collectively, "Defendants"), seeking damages for an alleged slip-and-fall that occurred at a Family Dollar store in East Feliciana Parish on August 11, 2016.[3] Plaintiff alleges that while she was shopping at the Family Dollar store, she slipped on liquid that was coming from a cooler owned,

---

[1] R. Doc. 12.
[2] The Fifth Circuit has held that, "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016). As such, a report and recommendation, rather than a ruling, is being issued relative to the instant Motion.
[3] R. Doc. 1-1 at ¶ 2.

operated and maintained by Coca-Cola.[4]  Plaintiff asserts that she suffered personal injuries as a result of the fall, including but not limited to, injuries to her left hip, left knee and other parts of her body.[5]  Plaintiff further asserts that she, "has had to undergo medical treatment and suffered with pain that lessened her quality of life."[6]  As a result, Plaintiff claims that she is entitled to damages for past, present and future mental and physical pain and suffering; past, present and future medical expenses; past, present and future loss of enjoyment of life; past, present and future mental anguish and other damages.[7]

On July 24, 2017, Defendants filed a Notice of Removal, asserting this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).[8]  In the Notice of Removal, Defendants assert there is complete diversity because Plaintiff is a Louisiana citizen, Coca-Cola is an Alabama corporation with its principal place of business in Alabama and Family Dollar is a Virginia corporation with its principal place of business in North Carolina.[9]  With respect to the amount in controversy, Defendants assert that "It is facially apparently that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff's allegations of injury to multiple parts of her body, which necessitated and may still necessitate medical treatment, establish that the amount in controversy is met in this case."[10]

After reviewing the Notice of Removal and the information contained in the record, the undersigned could not determine whether the requisite amount in controversy was met in this case.  As such, the undersigned issued a Notice and Order on August 2, 2017, raising the issue of subject matter jurisdiction *sua sponte* and requiring the parties to submit memoranda focused on the issue

---

[4] R. Doc. 1-1 at ¶ 3.
[5] R. Doc. 1-1 at ¶ 11.
[6] R. Doc. 1-1 at ¶ 12.
[7] R. Doc. 1-1 at ¶ 13.
[8] R. Doc. 1 at ¶ 6.
[9] R. Doc. 1 at ¶¶ 7-9.
[10] R. Doc. 1 at ¶ 13 (internal citation omitted).

of whether the requisite amount in controversy was met.[11] On August 11, 2017 the parties filed a Response to Notice and Order on Behalf of All Parties, asserting that after removal Plaintiff executed a Stipulation stating that her damages do not exceed $50,000, exclusive of judicial interest and costs; that the total damages in this case shall be capped at a maximum of $50,000, exclusive of judicial interest and costs; that Plaintiff will not seek, nor accept, punitive damages; and that Plaintiff will not seek, nor accept, damages in excess of $50,000, exclusive of judicial interest and costs.[12] The parties also assert that Defendants accept Plaintiff's Stipulation and do not oppose remand to state court. The parties further request that the Court remand this matter back to state court because the amount in controversy is not met.[13]

Thereafter, on September 5, 2017, the parties re-filed their Response to Notice and Order on Behalf of All Parties as a Joint Motion to Remand, asserting that the amount in controversy is not met in this case based upon the Stipulation executed by Plaintiff stating that the total damages in this case do not exceed $50,000, exclusive of judicial interest and costs.[14]

**Applicable Law and Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), when original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253

---

[11] R. Doc. 4.
[12] R. Doc. 7 at p. 1; *See*, R. Doc. 7-1.
[13] R. Doc. 7 at p.1.
[14] R. Doc. 12.

4

(5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum . . . [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). "In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists." *Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)). The removing party may make this showing in either of two ways: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 73 F.3d 1326, 1335 (5th Cir. 1995)).

Here, Family Dollar and Coca-Cola, the removing Defendants, have not met their "burden to show that the jurisdictional amount is facially apparent for the present purposes, nor . . . made a showing sufficiently particularized to meet [their] burden." *Becnel v. State Farm Fire & Cas. Co.*, CIV. A. No. 07-6742, 2007 WL 4570821, at *1 (E.D. La. Dec. 26, 2007). To the contrary,

Defendants recognize that it does not appear the amount in controversy is met in this case and seek remand to state court in light of Plaintiff's Stipulation that her damages do not exceed $50,000.[15]

"This court routinely remands cases to state court where the parties file a joint or uncontested motion to remand based on a stipulation that the amount in controversy does not exceed the jurisdictional amount." *Jackson v. Perez*, CIV. A. No. 13-504-JJB-RLB, 2013 WL 5741757, at * 2 (M.D. La. Oct. 22, 2013) (citing, *inter alia*, *Eakels v. Allstate Ins. Co*., CIV. A. No. 10-cv-657-RET-DLD, 2011 WL 289824 (M.D. La. Jan. 3, 2011) (recommending remand of case where neither the petition nor the notice of removal established the amount in controversy and the plaintiff stipulated that her damages were less than $75,000.00), *report and recommendation adopted*, 2011 WL 289669 (M.D. La. Jan. 25, 2011)); *Bennet v. State Farm Fire & Cas. Co.*, CIV. A. No. 10-636-BAJ-DLD, 2011 WL 2932512 (M.D. La. June 3, 2011) (in spite of defendant's opposition, recommending remand of case where neither the petition nor the notice of removal established the amount in controversy and the plaintiffs submitted a binding stipulation providing that the amount in controversy was less than $75,000.00 and renouncing their rights to enforce a judgment exceeding that amount), *report and recommendation adopted*, 2011 WL 2843051 (M.D. La. July 18, 2011). *See also*, *Morton v. State Farm Ins. Co*., 250 F.R.D. 273, 275 (E.D. La. 2008) ("The Court has consistently recognized that even if a stipulation may not be 'binding' for purposes of La. Code Civ. P. art. 862 . . . it is, nonetheless, strong evidence of the jurisdictional amount….").

## Conclusion

Based on the foregoing, Defendants have not met their burden of proving that the Court has subject matter jurisdiction over the claims asserted by the Plaintiff based upon diversity

---

[15] R. Doc. 7.

jurisdiction under 28 U.S.C. § 1332. Specifically, Defendants have failed to submit sufficient evidence to establish that the requisite amount in controversy has been met in this case.

### **RECOMMENDATION**

It is the recommendation of the Magistrate Judge that the Joint Motion to Remand[16] should be **GRANTED** and that this matter should be **REMANDED** to the 20th Judicial District Court for the Parish of East Feliciana, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

Signed in Baton Rouge, Louisiana, on September 11, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] R. Doc. 12.